JOHN T. SOMRALL *v.* JOHN D. RAYMOND, ETC.

**Pleading—Conclusion of Pleader.**

An allegation in an answer in an action on a note, that others owned the note, is a conclusion of the pleader from undisclosed facts.

**Pleading—Defense—Unliquidated Damages.**

Where a claim is for unliquidated damages, it cannot be available as a defense, unless connected with the subject of the action, whether it be based on contract or tort.

APPEAL FROM MASON CIRCUIT COURT.

September 25, 1873.

OPINION BY JUDGE PRYOR:

The answer of the appellants is obviously defective. The action is upon a note for $2,635, payable to the appellee. It is alleged, as a defense, that the note belongs to other parties who are asked to be made defendants to the action.

The pleader fails to show how these persons acquired any interest or the nature of their claims. Some fact should be stated showing that interest in order that the court may determine whether, if true, the note does belong to others than the plaintiff. The note is executed to the plaintiff (the appellee), is payable to him in his own right and this action is brought by him upon it, and in such case the allegation merely that others own it is a conclusion of the pleader from facts not disclosed, and of which the court is kept in ignorance. It is also alleged that these third parties in disputation with the appellee were the owners of live stock and that this stock, in the years 1868, 1869, 1870, 1871 and 1872 trampled down and destroyed the crops of defendant to their damage of $1,000, and that the plaintiff, appellee, and these third parties, who are alleged to own the note, agreed to adjust or settle these trespasses by crediting the amount of damages sustained thereby on the note, but have refused to adjust these matters as agreed on. This is an attempt to plead unliquidated damages arising originally from a trespass but converted into a contract upon an agreement to pay. This court has decided that whether the claim be in tort or upon contract, when the claim is for unliquidated damages it cannot be made available as a defense unless they are connected with the subject of the action. *Shropshire v. Conrad*, 2 Metcalfe 145. Nor is the second paragraph in the answer any defense to the action on the note for $744, so far as it sets up the unsettled accounts between the assignee of the note, Reed, and the defendant, John T. Somrall, without making any exhibit of his accounts, or alleging the balance due on settlement. The defendant states that Reed is indebted to him on settlement in the sum of $———, and more upon a fair settlement. That Reed has agreed to a settlement and render an account, but has failed to do so, and is indebted to the defendant on the balance due in a sum more than insufficient to discharge the

note sued on, it is alleged that Reed is indebted to Somrall for tobacco, grain, goods and hogs sold and delivered, and has failed to pay, but no statement made of any account or the amount of any account. If Reed has failed to render his account against Somrall, it presents no reason for the failure of the latter, in his pleading, to present and file his account against Reed. Such pleading as is relied on in this case by way of defense should not be encouraged. The only part of the answer that can be sustained is the allegation that the credit of $400 placed on the small note was to be given on the large note by an agreement made when the money was paid.

This question as to which note the $400 should be credited on is the one that should be litigated in the action. Wherefore, the judgment is *affirmed* in the original with directions to render judgment for all but the $400, and as to how this sum is to be credited remains to be determined.

*Whitaker, Robinson & Somrall, for appellant.*

*E. C. Phister, for appellees.*

